UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 24-cr-025 (ECT/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) GOVERNMENT'S RESPONSE TO ) DEFENDANT'S PRETRIAL ) MOTIONS |
| JON MICHAEL ASK, | ) ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and responds to the pretrial motions filed by the defendant, Jon Michael Ask.

I. Statement of Facts

On February 8, 2024, the defendant was charged in the Indictment with conspiracy to distribute fentanyl and cocaine (Count 1), and six substantive drug counts (Counts 2-7), all in violation of Title 21 of the United States Code. Doc. 1. The charges stem from the defendant's alleged misconduct from the spring of 2023 through September 11, 2023. *Id.* The defendant has filed a number of pretrial motions, which are addressed below.

II. Response to Motions

A. Motion for Pretrial Disclosure of 404 Evidence [Doc. 18]

The government will fully comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will disclose any Rule 404(b) evidence within three weeks of trial.

B. <u>Motion to Compel Attorney for the Government to Disclose Favorable Evidence to the Defendant [Doc. 19]</u>

The government will continue to comply with its discovery obligations under *Brady* and *Giglio* and will disclose any evidence favorable to the defendant.

C. <u>Motion for Discovery and Inspection [Doc. 20]</u>

The government has and will continue to comply with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law.

D. <u>Motion to Disclose and Make Informant Available for Interview [Doc. 21]</u>

The government asserts the informant privilege with respect to any purported informants used in connection with this case. In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court addressed the privilege. "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59.

The privilege is not absolute and there is no litmus test for determining when disclosure is required. *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003). The most important factor for a court to consider is whether the informant's information is material to the defense. *Id.* at 764. In circumstances where the informant is an active participant in the conduct charged, the informant's identity is "almost always" material. *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005). On the other hand, if the informant is a mere "tipster," there is generally a strong presumption against disclosure. *United States v. Lindsey*, 284 F.3d 874, 877 (8th Cir. 2002).

To overcome the government's privilege, a defendant must establish beyond "mere speculation" that the informant's testimony would be material to the determination of the case. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). To establish materiality, the burden is on a defendant to show that there is a reasonable probability that, if the evidence were disclosed to the defense, the result of the proceeding would be different. *Id.* at 878.

Here the defendant has provided no basis for this Court to conclude that the disclosure of any purported informant's identity would be material to the defense. He has failed to allege a single fact that suggests that such testimony would be germane to his defense. If, for example, the defendant claimed that a man (believed to be an informant) planted evidence in the defendant's vehicle or residence without the defendant's knowledge, this would be a different case. No such allegations have been made, nor are they raised by the evidence.

Because the government has charged the defendant based solely upon the observations and seizures of the police, any purported informants should be regarded as tipsters. Even if it could be said that an informant was a witness to the charged offenses, there is no evidence that an informant participated in them. Nor does the government intend to call any informants to prove them. On the face of the record, any informant's observations are material only to the guilt of the defendant and not to his innocence.

The Eighth Circuit has not required the government to disclose the identity of an informant under similar facts. *See, e.g., United States v. Hollis*, 245 F.3d 671 (8th Cir. 2001); *United States v. Harrington*, 951 F.2d 876 (8th Cir. 1991); *United States v. Bourbon*, 819 F.2d 856 (8th Cir. 1987); *United States v. Pajari*, 715 F.2d 1378 (8th Cir. 1983); *United*

*States v. Skramstad*, 649 F.2d 1259 (8th Cir. 1981). For example, in *Hollis*, an informant provided information that he had seen methamphetamine in a residence within the previous 10 days. This information led to a search warrant, the seizure of marijuana and methamphetamine, and charges against *Hollis* for possession with intent to distribute these drugs. The defense later produced a witness who claimed that she accompanied the informant to the residence and that neither of them had seen the drugs. Holding that disclosure was not required, the Court concluded that the informant was a "tipster" and stated:

> The confidential informant in this case did not participate in the offense charged against Hollis, and the government stated that it did not intend to call the informant as a witness at trial. There was, accordingly, no obligation on the part of the government to reveal the informant's identity.

*Hollis*, 245 F.3d at 674.

Similarly, in *Harrington*, the police used an informant to make controlled buys of crack cocaine from occupants of an apartment. Based upon this information, the police obtained a search warrant and seized crack cocaine. As a result, various occupants of the apartment were charged with drug-related charges relating to the possession of the cocaine base. The Court found that disclosure was not "vital to a fair trial because the informant's testimony would not further any legitimate interests of the defendants." The Court went on to find that the informant was a "tipster" who alerted police that the defendants were offering crack cocaine for sale. The Court noted that even though the informant had engaged in drug transactions and observed cocaine in the apartment the day before the search, he "neither witnessed nor participated in the search of the apartment."

4

Importantly, the Court relied upon the government's assertion that it did not intend to call the informant to testify. *Harrington*, 951 F.2d at 878.

Here, the defendant has offered nothing to support his motion to compel the government to disclose the identity of any purported informants. While the government recognizes that in certain circumstances *in camera* review of an informant's knowledge of the facts is necessary for a district court to make an informed decision as to whether non-disclosure is appropriate, this is not such a case. If *in camera* review were granted in this case, it would have to be granted in virtually every case. Such a procedure would burden the courts with unnecessary fact-finding and frustrate the government's interest in encouraging citizens to communicate their knowledge of the commission of crimes to law enforcement officials. For these reasons, the defendant's motion should be denied.

E.  <u>Motion For Early Disclosure of Jencks Act Material [Doc. 22]</u>

The Eighth Circuit has repeatedly held that the government cannot be compelled to produce Jencks Act material until after a witness has testified at trial on direct examination. *See, e.g., United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). The defendant's motion should therefore be denied. Notwithstanding the above, the United States will provide the defense with all Jencks Act materials no later than three business days prior to trial; however, the government objects to the Court ordering the government to do so.

F.  <u>Motion for Government Agents To Retain Rough Notes and Evidence [Doc. 23]</u>

The government has instructed its officers and agents to retain their rough notes and evidence gathered in connection with the investigation until final disposition of the charges against the defendant.

    G.    <u>Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [Doc. 24]</u>

The government has and will continue to comply with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law including any evidence that may exist concerning electronic surveillance.

    H.    <u>Motion To Suppress Fruits of Unlawful Arrest and Searches and Seizures [Doc. 25]</u>

The defendant has moved to suppress the fruits of certain evidence obtained from his arrest on April 10, 2023, and several search warrants executed throughout the summer of 2023. He has not asserted any specific facts or circumstances that would call into question the collection of any evidence in the case. His motion should therefore be denied for lack of specificity. If the Court disagrees, the government will be prepared to present evidence concerning the defendant's arrest on April 10, 2023, and the search warrants at issue.

    I.    <u>Motion To Suppress Statements [Doc. 26]</u>

The defendant has moved to suppress the statements made by the defendant on April 10, 2023, and June 7, 2023. Again, the defendant has not asserted any specific facts or circumstances that would call into question the admissibility of these statements. His motion should therefore be denied for lack of specificity. If the Court disagrees, the government will be prepared to present evidence concerning the defendant's statements on these two dates.

III. <u>Conclusion</u>

WHEREFORE, the government asks this Honorable Court to enter an Order consistent with the government's responses.

Dated:   April 22, 2024                          Respectfully submitted,

                                                        ANDREW M. LUGER
                                                        United States Attorney

                                                        s/*Thomas M. Hollenhorst*
                                                        BY: THOMAS M. HOLLENHORST
                                                        Assistant United States Attorney
                                                        Attorney ID No. 46322