# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                    Case No. 24-cr-25 (ECT/TNL)

        Plaintiff,

v.                                                                **ORDER**

Jon Michael Ask,

        Defendant.

Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415 (for the Government); and

Steven J. Wright, Law Office of Steven J. Wright, 331 Second Avenue South, Suite 705, Minneapolis, Minnesota 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 18;

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 19;

3. Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 20;

4. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 21;

5. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 22;

6. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 23; and

7. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 24.

1

A hearing was held on July 30, 2024. ECF No. 43. Assistant United States Attorney Thomas M. Hollenhorst appeared on behalf of the United States of America. Attorney Steven J. Wright appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 18, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests immediate disclosure of Rule 404(b) evidence. ECF No. 18 at 1. In response, the Government requests that all 404(b) disclosures be made 21 days before trial. Gov't Resp. Def's Pretr. Mots. at 1, ECF No. 27.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (stating that a prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (stating that the notice must be in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir.

2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (stating that Rule 16 does not authorize the discovery of statements made by prospective government witnesses); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Government's 21-day proposal reasonable. As such, no later than 21 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

    2.    Defendant's Pretrial Motion to Compel Attorney for the Government to

Disclose Evidence Favorable to the Defendant, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, Defendant requests that the Government disclose evidence favorable to him, including any statements by witnesses that exculpate the Defendant or contradict other statements from witnesses, prior convictions of government witnesses, offers made to government witnesses for their testimony, photographs of Defendant used for identification purposes, and all pieces of identification bearing any of Defendant's names in combinations different than that appearing on the caption of the indictment. ECF No. 19 at 1–2. The Government responds by stating that it will fully comply with its obligations under *Brady* and *Giglio*. ECF No. 27 at 2.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-

4

examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 (DJS/TCM), 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general

constitutional right to discovery.").

3.    Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 20, is

**GRANTED**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A)-(B) and (D)-(G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 25. This includes expert witness disclosures. *Id.* at 2 (citing Fed. R. Evid. 702, 703, and 705). The Government states that it will continue to comply with its obligations under the Federal Rules of Criminal Procedure. ECF No. 27 at 2.

Defendant's motion is granted. The Government shall fully comply with its obligations under the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and all other relevant authorities concerning discovery and it shall disclose these materials in a timely fashion. See Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A)-(B) and (D)-(G) that subsequently comes into the Government's possession, knowledge, or control shall also be produced in a timely fashion.

4.    Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 21, is **DENIED**.

Defendant requests an order requiring the Government to disclose the identity of any informants and make those informants available for interview. ECF No. 21 at 1. The

Government opposes Defendant's request. ECF No. 27 at 2–5.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); accord *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (explaining the government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001). Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to his case. *United*

*States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739.

In this case, the Government indicates any potential informant was not a participant witness and instead qualified as a tipster. In his motion and at the hearing, Defendant offered no additional information to show the confidential informant would be material to the determination of his case. See *Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting Roviaro, 353 U.S. at 60-61)). Accordingly, Defendant has not met his burden of demonstrating the need for disclosure of the confidential informant and his motion is denied.

5.    Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 22, is **DENIED**.

Defendant seeks Jencks Act materials at least three days before trial. ECF No. 22 at 1–2. The Government objects to Court-ordered disclosure of Jencks Act materials but agrees to disclosure of Jencks Act materials three days prior to trial. ECF No. 27 at 5. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." Id. at 741 n. 2. The Government indicated that it would voluntarily provide any Jencks Act materials no later than three days before trial so as to prevent trial delays. The Court is denying

Defendant's motion but certainly expects the Government to abide by its commitments, even when voluntarily extended.

6.    Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 23, is **GRANTED**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. ECF No. 23 at 1–2. The Government responds that it has directed its officers and agents to retain their rough notes until the final disposition of this case. ECF No. 27 at 5.

Defendant's request for the retention of rough notes is granted. To the extent it has not yet done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

7.    Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 24, is **GRANTED**.

Defendant seeks disclosure from the Government of electronic surveillance and related documentation. ECF No. 24 at 1–2. In response, the Government indicates it has and will continue to disclose all electronic surveillance products and records concerning the investigation of the Defendant. (Gov't Resp. at 3-4). Therefore, Defendant's motion is granted. The Government shall produce all electronic surveillance evidence concerning this litigation in a timely fashion.

8.    All prior consistent orders remain in full force and effect.

9.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October 31, 2024                                */s/ Tony N. Leung*_____
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *United States v. Ask*
                                                      Case No. 24-cr-25 (ECT/TNL)